IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In Re: DNA Ex Post Facto Issues | C.A. No.: 2:99-cv-5555-RBH |
| Anthony Eubanks, | |
| Plaintiff, | |
| versus | |
| South Carolina Department of Corrections, William D. Catoe, Individually and in his official capacity as Director, South Carolina Department of Corrections, South Carolina State Law Enforcement Division, | **ORDER** |
| Defendants. | |

On October 19, 2007, this Court entered an Order granting the defendants' motion for summary judgment. This matter is before the Court on plaintiff's Motion to Reconsider filed on October 29, 2007. Defendants filed a memorandum in opposition to the motion on November 16, 2007. Plaintiff filed a Reply on November 27, 2007.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Collison v. International Chemical Workers Union, 34 F.3d 233,

235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001). None of the above grounds are present in the case at bar.

In his motion, Plaintiff contends that the deduction of the $250 fee from his prison account is punitive and is therefore unconstitutional under the Ex Post Facto Clause. He also objects to the Court's reliance on the affidavit of Ira Jeffcoat as a self-serving, conclusory, hearsay statement insofar as it avers that SLED is offsetting the expenses of the DNA program in collecting the fee. Plaintiff also argues that the DNA "processing fee" was taken without his permission or any civil process.

Defendants contend that the plaintiff is in actuality making a procedural due process argument and that such an argument is not allowed under the Case Management Order governing the case. *See* Case Management Order of Magistrate Judge Carr filed on November 12, 1999 and Order of United States District Judge Perry filed on August 8, 2000.

The Court agrees with the defendants that the arguments made by the plaintiff appear to be in the nature of procedural due process claims and are therefore not properly before the Court. In addition, if they are construed as arguments based on violation of the Ex Post Facto Clause, the Court finds that these are not proper grounds for a Rule 59 motion, as they rehash arguments already made and ruled upon by the Court in its prior order. As to the Affidavit of Ira Jeffcoat, Mr. Jeffcoat is the supervisor of the SLED DNA Database Laboratory and, as such, has personal knowledge of the financial aspects of the program. The Court properly considered his affidavit.

For the above reasons, the plaintiff's [62] motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, SC
December 14, 2007